UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL DESHAWN HINTON, | ) | No. 2:18-cv-09299-GW (JDE) |
| Petitioner, | ) | |
| v. | ) | ORDER SUMMARILY |
| | ) | DISMISSING PETITION FOR |
| W.L. MUNIZ, Warden, | ) | WRIT OF HABEAS CORPUS FOR |
| | ) | LACK OF SUBJECT MATTER |
| Respondent. | ) | JURISDICTION AND |
| | ) | REFERRING THE PETITION TO |
| | ) | THE NINTH CIRCUIT COURT OF |
| | ) | APPEALS PURSUANT TO NINTH |
| | ) | CIRCUIT RULE 22-3(A) |

**I.**

**INTRODUCTION**

Petitioner Daniel Deshawn Hinton ("Petitioner") filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 on August 8, 2018 in the District Court for the Southern District of California ("Southern District"). Dkt. 1 ("Petition" or "Pet."). On August 15, 2018, the Southern District transferred the action to this Court. Dkt. 3. The original file was received by this Court on November 5, 2018. Dkt. 4.

By the Petition, Petitioner challenging the legality of his custody stemming from a California state court criminal conviction. For the reasons set forth below, the Petition is dismissed for lack of subject matter jurisdiction and referred to the United States Court of Appeal for the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

## II.

## PROCEDURAL HISTORY

The Petition relates to a conviction and resulting prison sentence of life without the possibility of parole received by Petitioner in Los Angeles County Superior Court ("LASC") Case No. BA 373704. Pet. at 1. Petitioner asserts four purported grounds for relief, alleging: (1) he is actually innocent; (2) insufficient evidence supported his conviction for aiding and abetting; (3) his trial counsel rendered ineffective assistance by not introducing evidence that Petitioner was at another location at the time of the crime; and (4) an expert witness testified that Petitioner's cellular telephone was not at the scene of the crime at the time of the crime. Grounds One, Two and Four all generally relate to a challenge to the sufficiency of evidence.

Petitioner states he filed a prior federal habeas petition in this Court in Case No. 2:17-cv-00173-GW-JDE ("Prior Action"), challenging the same conviction, and raising at least one common issue. Pet. at 5, ¶ 21; see also Prior Action, Dkt. 1 at 2.[1] On April 6, 2018, the Court entered judgment dismissing the Prior Action with prejudice on the merits. Prior Action, Dkt. 22, 24, 25.

---

[1] The instant Petition states the conviction and sentence took place on "1/10/10," which appears to be an error. Pet. at 1. From the records in the Prior Action, the underlying conviction in LASC Case No. 373704 took place on November 19, 2013 and the sentence was imposed on January 10, 2014. Prior Action, Dkt. 22 (citing 2 Clerk's Transcript on Appeal 411, 413, 463-64).

Petitioner concedes he has not been given permission by the Ninth Circuit to file a second or successive petition. Pet. at 5, ¶ 21.

## III.

## DISCUSSION

A.   THE COURT LACKS JURISDICTION TO CONSIDER THE PETITION AS IT IS A SECOND OR SUCCESSIVE PETITION

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Section 2244(b) of Title 28 provides, in pertinent part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1          (3)(A) Before a second or successive application permitted by

2        this section is filed in the district court, the applicant shall move in

3        the appropriate court of appeals for an order authorizing the

4        district court to consider the application.

5  "If the petition is second or successive, then the district court lacks jurisdiction

6  and must dismiss the petition unless and until the court of appeals grants an

7  application to file it." Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018)

8  (citing § 2244(b)(3)(A). "In evaluating such an application, the court of appeals

9  is bound by § 2244(b)'s gatekeeping requirements." Id.

10       Petitioner previously filed a § 2254 petition challenging the same

11  conviction. The Prior Action was dismissed with prejudice on the merits.

12  Petitioner concedes at least one of the issues in the current Petition was also

13  raised in the Prior Action. Pet. at 5, ¶ 21. The facts underlying the instant

14  Petition existed at the time of the Prior Action. Thus, the Petition now pending

15  constitutes a second and/or successive petition. As such, Petitioner must,

16  under § 2244(b)(3)(A), secure an order from the Ninth Circuit authorizing the

17  District Court to consider the Petition prior to his filing it in this Court, and his

18  failure to do so deprives the Court of subject matter jurisdiction. See Brown,

19  889 F.3d at 668; Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

20  B.     "REFERRAL" OF HABEAS PETITION TO NINTH CIRCUIT

21       Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f an

22  unauthorized second or successive section 2254 petition or section 2255

23  motion is submitted to the district court, the district court may, in the interests

24  of justice, refer it to the Court of Appeals."

25       Although it is unclear whether the district court may both "refer" a

26  petition to the Ninth Circuit and, at the same time, dismiss the petition, the

27  Court concludes that simultaneous referral and dismissal is appropriate. See

28  Cielto v. Hedgpeth, 2014 WL 1801110, at *3 (C.D. Cal. Apr. 23, 2014).

## IV.

## ORDER

Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the Petition to the United States Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive habeas petition. The Clerk of Court shall send a copy of the Petition and a copy of this Order to the Clerk of the United States Court of Appeals for the Ninth Circuit. The Clerk of Court shall provide Petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

In addition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court and Local Rule of Court 72-3.2, IT IS ORDERED that judgment be entered summarily dismissing the Petition without prejudice for lack of jurisdiction.

Dated: November 8, 2018

GEORGE H. WU
United States District Judge

Presented by:

John D. Early
United States Magistrate Judge